FILED ___ LODGED
___ RECEIVED ___ COPY

SEP - 1 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>    v.<br><br>Abdul Malik Abdul Kareem,<br>aka Decarus Thomas,<br><br>          Defendant. | CR-15-0707-PHX-SRB (MHB)<br><br>**SUPERSEDING INDICTMENT**<br><br>VIO: 18 U.S.C. § 371<br>      (Conspiracy)<br>      Count 1<br><br>VIO: 18 U.S.C. §§ 924(b) & 2<br>      (Interstate Transportation of Firearms with Intent to Commit a Felony)<br>      Count 2<br><br>VIO: 18 U.S.C. § 1001(a)(2)<br>      (False Statements)<br>      Count 3<br><br>VIO: 18 U.S.C. § 922(g)(1)<br>      (Felon in Possession of Firearm)<br>      Count 4<br><br>18 U.S.C § 924(d) & 28 U.S.C. § 2461(c)<br>(Forfeiture Allegations) |

THE GRAND JURY CHARGES:

**Background**

On or about February 11, 2015, the organizers of the Muhammad Art Exhibit and Contest announced that the contest would be held at the Curtis Culwell Center in Garland, Texas, on May 3, 2015. After the announcement but prior to April 23, 2015, ABDUL MALIK ABDUL KAREEM ("KAREEM"), Elton Francis Simpson ("Simpson"), Nadir Hamid Soofi ("Soofi"), and others known and unknown to the grand jury began a plot to disrupt the contest. On the day of the contest, Simpson and Soofi

drove toward the Curtis Culwell Center, stopped their car, got out, and began shooting with assault rifles at security personnel and law enforcement. The security guard was struck by a bullet and injured, and Simpson and Soofi were shot and killed by police officers.

## Count 1

Beginning on or about January 7, 2015, and continuing through May 3, 2015, at or near Phoenix, in the District of Arizona, and elsewhere, KAREEM, together with other persons known and unknown to the grand jury, conspired to violate Title 18, United States Code, § 924(b), in that they knowingly and intentionally conspired to transport firearms and ammunition in interstate commerce with the intent to commit crimes punishable by imprisonment exceeding one year and with knowledge and reasonable cause to believe that an offense punishable by imprisonment exceeding one year was to be committed therewith, including murder in violation of Texas Penal Code § 19.02 and aggravated assault in violation of Texas Penal Code §§ 22.01(a) and 22.02(a) & (b).

## Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Arizona:

1. On dates between January 7, 2015, and May 3, 2015, KAREEM, Simpson, Soofi, and other persons known and unknown to the grand jury traveled to remote desert areas near Phoenix, Arizona, to practice shooting firearms.

2. On dates between January 7, 2015, and May 3, 2015, KAREEM provided firearms to Simpson and Soofi.

3. On dates between January 7, 2015, and May 3, 2015, KAREEM hosted Simpson, Soofi, and other persons known and unknown to the grand jury inside his home to discuss the Muhammad Art Exhibit and Contest and their plan to travel from Phoenix, Arizona, to Garland, Texas, to conduct an attack on the contest.

All in violation of Title 18, United States Code, Section 371.

**Count 2**

Beginning on or before May 1, 2015, and continuing through May 3, 2015, at or near Phoenix, in the District of Arizona, and elsewhere, KAREEM did knowingly and intentionally transport firearms and ammunition in interstate commerce with the intent to commit crimes punishable by imprisonment exceeding one year and with knowledge and reasonable cause to believe that an offense punishable by imprisonment exceeding one year was to be committed therewith, that is, murder in violation of Texas Penal Code § 19.02 and aggravated assault in violation of Texas Penal Code §§ 22.01(a) and 22.02(a) & (b).

All in violation of Title 18, United States Code, Sections 924(b) and 2.

**Count 3**

On or about May 5, 2015, at or near Phoenix, in the District of Arizona, in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, KAREEM did knowingly and willfully make false, fraudulent, and fictitious material statements and representations; that is, (1) that he did not go shooting in the desert with Simpson and Soofi before May 3, 2015; (2) that before May 3, 2015, neither Simpson nor Soofi fired the weapons they used in connection with the attack in Garland, Texas; (3) that Simpson and Soofi did not ask him to participate in an attack of any kind on or before May 3, 2015; (4) that he did not know in advance that Simpson and Soofi planned to conduct an attack in Garland, Texas; and (5) that he did not know about an event, that is, the Muhammad Art Exhibit and Contest that was to take place in Garland, Texas, on or about May 3, 2015, until after Simpson and Soofi were killed while attempting to conduct an attack on the contest.

All in violation of Title 18, United States Code, Section 1001(a)(2).

### Count 4

On or about June 10, 2015, in the District of Arizona, KAREEM, having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Aggravated Driving Under the Influence in the State of Arizona, did knowingly possess in and affecting interstate commerce firearms, that is, a Taurus model 85 Ultralite .38 caliber revolver and a Tanfoglio model Witness 9mm pistol.

In violation of Title 18, United States Code, Section 922(g)(1).

### FORFEITURE ALLEGATION

Upon conviction of the offense in violation of Title 18 United States Code, Section 922(g)(1), set forth in Count 4, defendant KAREEM shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms, firearm accessories, and/or ammunition involved in or used in the knowing violation of the statutes set forth above, including but not limited to a Taurus model 85 Ultralite .38 caliber revolver and a Tanfoglio model Witness 9mm pistol.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third person; (3) has been placed beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

//
//
//

All pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

/S/

FOREPERSON OF THE GRAND JURY
Date: September 1, 2015

JOHN S. LEONARDO
United States Attorney
District of Arizona

/S/

Kristen Brook
Joseph E. Koehler
Assistant U.S. Attorneys