JOHN S. LEONARDO
United States Attorney
District of Arizona

Kristen Brook
Arizona State Bar No. 023121
kristen.brook @usdoj.gov
Joseph E. Koehler
Arizona State Bar No. 013288
joe.koehler@usdoj.gov
Assistant United States Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Abdul Malik Abdul Kareem,<br><br>Defendant. | No. CR-15-707-PHX-SRB (MHB)<br><br>**RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT OR IN THE ALTERNATIVE SUPPRESS EVIDENCE DUE TO VIOLATIONS OF FRCrP 16** |

The United States, through undersigned counsel, respectfully requests the Court deny Defendant Abdul Malik Abdul Kareem's Motion to Dismiss the Indictment or in the Alternative Suppress Evidence Due to Violations of FrCRP 16. In his motion, Kareem asserts the case should be dismissed or evidence of Kareem's May 5, 2015, interview should be suppressed because FBI agents failed to audio or video record the interview. Kareem suggests the absence of a recording prevents defense counsel from assessing demeanor and other factors relating to the voluntariness of the interview.

This argument fails for several reasons. As a threshold matter, the motion is premised on several factual misstatements. For example, Kareem repeatedly suggests he was in "custody" during the May 5, 2015 interview. Yet Kareem voluntarily drove himself

1

to the FBI for the interview, was not detained during the interview, and freely departed the FBI building after the interview.  This simply was not a custodial interrogation.  Kareem also asserts that, because no recording was made of the interview (due to the malfunctioning of the recording equipment), the interview was therefore conducted in violation of FBI and DOJ policy.  But this claim is both inaccurate (the FBI's recently-enacted recording policy only applies to *custodial* interrogation of subjects) and irrelevant (the policy memorandum on which Kareem relies specifically declares it "is solely for internal Department of Justice guidance" and "is not intended to, does not, and may not be relied upon to create any rights or benefits, substantive or procedural, enforceable at law or in equity in any matter, civil or criminal, by any party against the United States . . . ."). (CR 85-1 at 5-6.)

Kareem's legal arguments also lack merit.  Tellingly, he fails to identify any legal support for his position that the failure to record an interview violates Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), or any other legal requirement that would provide justification for dismissal of the case or suppression of the interview.  To the contrary, the Ninth Circuit consistently has rejected the notion that unrecorded custodial interviews should be suppressed.  In 1977, the court rejected the argument "that testimony of an FBI agent that [the defendant] confessed to the crime charged should have been suppressed because the interrogation was not recorded." *United States v. Coades*, 549 F.2d 1303, 1305 (9th Cir. 1977).  Two decades later, the court again rejected the claim that "post-arrest statements should be suppressed because the INS inspector 'unreasonably' neglected to electronically record the interrogation" and reaffirmed that the court has "declined to mandate electronic recording of post-arrest statements." *United States v. Smith-Baltiher*, 424 F.3d 913, 925-26 (9th Cir. 2005).  And just three years ago, the court again reiterated its views on this topic: "[A]s we have routinely said, suppression is not warranted simply because the government fails to record an interview." *United States v. Romo-Chavez*, 681 F.3d 955, 961 n.5 (9th Cir. 2012).  If

suppression is not a remedy for failure to record an interview, logic dictates the greater sanction of dismissal likewise is not warranted.

The courts also have rejected the notion that unrecorded interviews (particularly, as here, interviews that were unrecorded only due to the mechanical failure of the recording equipment) should be viewed with increased skepticism or be subject to an adverse evidentiary presumption.   *See United States v. Fries*, 781 F.3d 1137, 1152-53 (9th Cir. 2015) (adverse inference not appropriate because no evidence was lost or destroyed); *Romo-Chavez*, 681 F.3d at 961 (failure of recording equipment does not warrant inference that a successful recording "would have yielded evidence harmful to the government"); *United States v. Meadows*, 571 F.3d 131, 147 (1st Cir. 2009) (defendant not entitled to jury instruction providing unrecorded confessions should be viewed "with great caution" and emphasizing "there is no federal constitutional right to have one's custodial interrogation recorded").  Although the presence of a recording in this instance obviously would make it easier for the Court to resolve factual disputes about the interview (although Kareem has not alleged any facts to support a claim of custodial interrogation or involuntariness), the bottom line is the agents took contemporaneous notes and the case agent produced a report of the interview shortly after it occurred.

In the event Kareem files a motion alleging the existence of custodial interrogation and a lack of *Miranda* warnings, or the existence of involuntariness, the government will meet its burden to establish Kareem was not subjected to custodial interrogation and his statements to agents were voluntary.  *See Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966); *United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009).  In addition to showing the interview was non-custodial, the evidence will show the agents did nothing to coerce Kareem and did not make any promises to convince him to give his statement. Further, the evidence will show the agents did not observe anything out of the ordinary in Kareem's demeanor that would support a conclusion Kareem's statement was in any way involuntary.

Based on the foregoing, the United States respectfully requests the Court deny Kareem's Motion to Dismiss the Indictment or in the Alternative Suppress Evidence Due to Violations of FrCRP 16.

Respectfully submitted this 13 day of October, 2015.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*/s Joseph E. Koehler*

_____
JOSEPH E. KOEHLER
Assistant U.S. Attorney

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13 day of October, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that true and accurate copies have been transmitted electronically to counsel for the defendant via the ECF system.

Daniel Maynard, Attorney for Defendant

By: */s Joseph E. Koehler*
    Joseph E. Koehler
    Assistant U.S. Attorney