JOHN S. LEONARDO
United States Attorney
District of Arizona

Kristen Brook
Arizona State Bar No. 023121
kristen.brook @usdoj.gov
Joseph E. Koehler
Arizona State Bar No. 013288
joe.koehler@usdoj.gov
Assistant United States Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Abdul Malik Abdul Kareem,<br><br>　　　　Defendant. | No. CR-15-707-PHX-SRB (MHB)<br><br>**RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE UNLAWFULLY OBTAINED** |

The United States, through undersigned counsel, respectfully requests the Court deny Defendant Abdul Malik Abdul Kareem's Motion to Suppress Evidence Unlawfully Obtained.

In his motion, Kareem seeks suppression of all evidence obtained from his Lenovo laptop computer and an attached flash drive storage device.  Kareem claims officers obtained a "pretext search warrant" and exceeded the scope of the warrant in searching the laptop computer and storage device in 2012.  (CR 100 at 7-13.)  In addition, Kareem claims the later issuance of a search warrant in 2015 does not remedy the initial unlawful search because it is "fruit of the poisonous tree."  (CR 100 at 13-14.)  Kareem's arguments are without merit.

1

The government respectfully asserts that (1) Kareem lacks standing to seek suppression of evidence recovered from the image of the flash drive storage device because he disclaimed ownership in the device, (2) Kareem gave or sold the Lenovo laptop to a third party, who since that time provided the Lenovo laptop (still containing the challenged evidence) to the FBI, and Kareem likewise lacks standing to seek suppression of evidence recovered in the later search, (3) the incriminating evidence seized from the Lenovo laptop image created in 2012 was within the scope of the 2012 search warrant, (4) the incriminating evidence seized from the Lenovo laptop image created in 2012 was found in plain view during the search for items within the scope of the 2012 search warrant, and (5) retention of the Lenovo laptop image was proper because the investigation into the forgery offense remains ongoing and disclosure of the entire image of the laptop would be necessary if a criminal charge results from the forgery investigation.

## I.  The Facts

This case arises from an attempted attack on the Muhammad Art Exhibit and Contest held at the Curtis Culwell Center in Garland, Texas, on May 3, 2015.  Elton Francis Simpson ("Simpson") and Nadir Hamid Soofi ("Soofi") drove from Arizona to the Curtis Culwell Center in Texas, stopped their car, got out and began shooting with assault rifles at security personnel and law enforcement.  A security guard was stuck by a bullet and injured, and Simpson and Soofi were shot and killed by police officers. The superseding indictment alleges Kareem helped facilitate the attack by, among other things, providing firearms to Simpson and Soofi, traveling to remote desert areas to practice shooting with Simpson and Soofi, and hosting Simpson, Soofi and others in his home to discuss plans to travel to Texas and conduct the attack.

Simpson and Soofi arrived at the Muhammad Art Exhibit and Contest prepared to carry out a lethal attack with multiple weapons and well over a thousand rounds of ammunition.   Simpson and Soofi had in their possession six weapons, including an Elk River Tool and Die, Inc. ERTD 5.45x39 caliber rifle, a Keltec Sub-2000 9mm rifle, a Hi-

Point C9 9mm pistol, a Romarm/Cugir Draco 7.62x39 caliber pistol, a Taurus 605 5-shot revolver, and a Jimenez Arms J.A. Nine 9mm pistol.  Witnesses previously observed Simpson, Soofi and Kareem all handling several of these exact weapons, and forensic analysis of cartridge casings found at one of the desert locations where Simpson, Soofi, and Kareem practiced shooting revealed those casings match casings found at the attack scene in Garland, Texas.

Approximately 125 people were in attendance at the Muhammad Art Exhibit and Contest at 6:45 pm, shortly before the event was set to conclude.  Simpson and Soofi arrived minutes before those individuals would have left the event, headed for the parking lot.

In reviewing available evidence in the wake of the attack, agents discovered that an imaged copy of Kareem's Lenovo laptop computer remained in evidence after the execution of a search warrant on the laptop in 2012.  The 2012 search, conducted pursuant to a state court search warrant for a violation of state law (Attempted Forgery, in violation of Arizona Revised Statutes, Section 13-2002(A)(2)), sought evidence in connection with an alleged attempt by Abubakar Hussein Ahmed to obtain a phony diploma indicating the person named on it had received a degree from Arizona State University, when in fact that person had not.  The warrant authorized the persons conducting the search to seek the following types of evidence:

1. Indicia of occupancy, residency, rental and/or ownership of the premises described herein, including, but not limited to, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, and keys.

2. Any and all electronic devices, including computers, word processors, and/or other devices that may be used to view, store, send, or receive e-mails. These devices must be seized with any and all peripheral devices used in the operation of these items. These items/components must subsequently be processed in a manner to protect the evidentiary value of the storage/processing device(s) and

allow for systemic search of the files/information therein for evidence of Attempted Forgery. This is to include all data from said devices.

3. Written correspondence, records, receipts, notes, applications and other papers relating to the Attempted Forgery.

(CR 115-1 at 8.)

The affiant for the search warrant, an Arizona State University Police Department officer, noted his status as a Task Force Officer with the Federal Bureau of Investigation (FBI), and his status as a Special Deputy United States Marshal. (CR 115-1 at 8.) The affiant described the basis for probable cause to believe the offense of Attempted Forgery had been committed using an email account belonging to Abubakar Ahmed, and noted in the affidavit that Ahmed denied any involvement in seeking the phony diploma. (CR 115-1 at 12.) In addition, the affiant informed the judge who issued the warrant that FBI agents would be assisting in the execution of the search warrant. (CR 115-1 at 12.)

Among the items seized during the execution of the aforementioned search warrant were a Lenovo laptop computer and a flash drive storage device that was attached to the Lenovo laptop at the time of the execution of the search warrant. (CR 115-1 at 27 (Item 3).) Agents seized the items pursuant to the warrant, imaged them, and conducted searches of the images pursuant to the search warrant. The searches of the images revealed evidence relevant to the Attempted Forgery charge. The case was presented to the Maricopa County Attorney's Office, which declined prosecution. (CR 115-1 at 29.) Although a report initially indicated the seized evidence was to be destroyed, the case later was presented to the Arizona Attorney General's Office, and that office is contemplating going forward with the Attempted Forgery charge. (Exhibit 1 to this Response.) The Lenovo laptop computer and attached flash drive storage device eventually were returned to Kareem in January 2014; however, the images of the two devices were retained in evidence as part of an open and ongoing FBI investigation. The images of the Lenovo laptop computer and the attached flash drive storage device were retained in evidence

4

because the FBI case remained open and the investigation into the Attempted Forgery offense continued despite the declination from the Maricopa County Attorney's Office.

An FBI Special Agent/Forensic Examiner, and a Forensic Examiner, both members of the FBI Computer Analysis Response Team (CART), conducted the initial search of the Lenovo laptop and flash drive storage device.  CART produced an image of both objects. In 2012, in conjunction with this search, an FBI Intelligence Analyst viewed the forensic images of the devices and analyzed the results of the searches, specifically looking for evidence relating to the alleged Attempted Forgery offense.  The analyst performed key word searches and searches for specific file types such as emails, internet search histories, word processing documents, Portable Document Format (PDF) documents, videos and image files on the two devices to determine whether those files contained evidence relevant in any way to the alleged Attempted Forgery offense.  The analyst reviewed the content of each file to look for evidence of the alleged offense because a file's name standing alone would not necessarily reflect whether the content of the file contained evidence relevant to the alleged offense.

In 2012, the analyst was a member of the National Security Squad at FBI.  She remains assigned to the National Security Squad.  As such, she was alert to the need to note the presence of extremist material on the devices.  Such material would be relevant to the alleged Attempted Forgery offense as evidence of motive to commit the offense, which would be relevant and potentially admissible at trial under Arizona Rule of Evidence 404(b).  In addition, some extremist materials provide instructions on how to commit fraud-related offenses and provide religious justification for committing such offenses.[1] Such materials likewise would be relevant to the offender's knowledge and intent to commit the alleged Attempted Forgery offense, again making the presence of such

---

[1]    In fact, one such instructional article, "The Ruling on Dispossessing the Disbelievers Wealth in Dar al-Harb," written by Anwar al-Awlaki, a senior member, recruiter, and motivator for Al Qa'ida, was discovered within the image of the flash drive storage device.

materials relevant and potentially admissible at trial under Arizona Rule of Evidence 404(b).

During her analysis, the analyst identified certain extremist documents based strictly on their file names contained in the directory listings (including the recycle bin) for the Lenovo laptop computer and the attached flash drive storage device.  Those file names included the following:

"Madad 2 2of2.pdf" (Known to be an issue of Madad, an Arabic language newsletter on the activities of Al Qa'ida in the Arabian Peninsula (AQAP), the organization to which noted American Al Qa'ida spokesman Anwar al Awlaki belonged until he was killed in 2011).

The analyst also found extremist materials during her inspection of individual files on the computer.  The forensic program the analyst used displayed the first page of a document file when the analyst clicked on the file name..  Those files included:

S&I.pdf (the GIMF Security and Intelligence Course), found in the recycle bin of the Lenovo laptop computer. The analyst recognized the file as soon as the title page displayed in the preview window.

The analyst prepared a report of her analysis, and the filenames contained in the report were included in the probable cause affidavit for a new search warrant for the stored images of the Lenovo laptop computer and the flash drive storage device after the attack in 2015.

After the attack occurred on May 3, 2015, in the summer of 2015 FBI Special Agent Stewart Whitson, the case agent in the case, learned that an individual who had reported going shooting with Kareem, Simpson, and Soofi, had also received from Kareem a Lenovo laptop computer.  This individual consented to a search of the computer and turned it over to the FBI.  The Lenovo laptop was the same Lenovo laptop seized, searched in 2012, and returned to Kareem in 2014.  The consent search revealed the presence of the following file, among other relevant items:

GIMF Security and Intelligence Course, found in the recycle bin, with the original file path of C:\Users\Owner\Desktop\S&I.pdf.

In addition, the search revealed browser history items, including sites visited, terms searched, and videos accessed online, including the following videos:

1. Anwar Al-Awlaki: Brutality Towards the Muslims (Part 2) – YouTube
2. battle of hearts and minds anwar - YouTube
3. Imaam Anwar al-Awlaki - Battle of Hearts and Minds [Part 1/7] - YouTube
4. new tribute to Imam Anwar - YouTube
5. The best Ummah ever- shaykh Anwar Al-awlaki - YouTube
6. Imam Anwar Al Awlaki - Dont delay getting things done - YouTube
7. Imam Anwar the greatest Ummah - YouTube
8. Imam Anwar Ramadan - YouTube
9. The Battle of the Hearts and Minds 2 - YouTube
10. The Battle of the Hearts and Minds 3 - YouTube
11. The Battle of the Hearts and Minds 4 - YouTube
12. The Battle of the Hearts and Minds 4, playlist - YouTube
13. The Battle of the Hearts and Minds 5 - YouTube
14. AND INCITE THE BELIEVERS by Sheik ABDULLAH IBN MUHAMMAD ARRASHUD (PART 2 OF 5) - YouTube
15. and incite the believers - YouTube

The analysis of the Lenovo laptop received from the third party is ongoing at present. The government will disclose a report with specific details of the search and analysis once it is completed.

## II.    The Law

### A. <u>Kareem Lacks Standing to Object to the Search of the Flash Drive</u>

Kareem admits in his motion that he disclaimed ownership of the flash drive storage device. Nowhere in the motion does Kareem allege he has standing to challenge the search of the device.

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV.

A person has standing to challenge a search under the Fourth Amendment only if the violation applies "to him," personally. *Mancusi v. DeForte*, 392 U.S. 364, 367 (1968). Fourth Amendment standing, unlike Article III standing, "is a matter of substantive [F]ourth [A]mendment law; to say that a party lacks [F]ourth [A]mendment standing is to say that his reasonable expectation of privacy has not been infringed." *United States v. Taketa*, 923 F.2d 665, 669 (9th Cir. 1991). This conclusion derives from the Supreme Court's observation that the Fourth Amendment "protects people, not places," *Katz v. United States*, 389 U.S. 347, 351 (1967).

Kareem has the burden of proving he has standing to challenge the admissibility of evidence offered against him. *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980). In this case he has made no such showing with respect to the flash drive storage device.  In fact, he admits having disclaimed ownership of the device.  His disclaimer of ownership amounts to abandonment, and therefore deprives him of standing to challenge the search of the flash drive. *See, e.g.*, *United States v. Decoud*, 456 F.3d 996, 1007-08 (9th Cir. 2006) (defendant unequivocally disclaimed ownership in locked metal brief case and thereby abandoned any expectation of privacy in the item).

8

**B. Kareem Lacks Standing to Seek Suppression of Files Found on the Lenovo Laptop Turned Over to FBI in 2015**

As noted above, an individual came forward to the FBI and turned over the Lenovo laptop that had been searched in 2012 and returned to Kareem in January 2014. This individual received the laptop from Kareem in July or August 2014, and turned it over to FBI on or about September 9, 2015. Once Kareem turned the laptop over to the individual, he abandoned it and surrendered any privacy interest he previously possessed with regard to the contents of the laptop. *See Abel v. United States*, 362 U.S. 217, 241 (1960); *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986); *United States v. Jackson*, 544 F.2d 407, 409 (9th Cir. 1976). A search of the laptop after it was turned over to the FBI revealed that it still contained the same files Kareem seeks to suppress. Specifically, the computer still contains files listed above, which analysts have verbally reported were accessed between the dates of April 2012 through May of 2012. Therefore, Kareem lacks standing to seek suppression of those items under the Fourth Amendment.

**C. Incriminating Evidence Seized From the 2012 Lenovo Laptop Image was Within the Scope of the 2012 Search Warrant**

As explained above, the FBI intelligence analyst went through the image of the Lenovo laptop computer looking for evidence relating to the Attempted Forgery offense. Evidence of motive, knowledge, and intent was relevant to establishing proof of the offense and potentially admissible under Arizona Rule of Evidence 404(b). Therefore, evidence of motive, knowledge, and intent constitutes evidence of the offense, and was within the scope of the 2012 search warrant. *See United States v. Barnett*, 667 F.2d 835, 843 (9th Cir. 1982) ("The government may lawfully seize evidence of other acts if it tends to prove a suspect's intent with respect to criminal activity described in the affidavit in support of the search warrant.") (citing *Andresen v. Maryland*, 427 U.S. 463, 483-84 (1976)); *Cf. United States v. Adjani¸*452 F.3d 1140, 1151 (9th Cir. 2006) (evidence of different crime and/or suspect that is related to crime contemplated in warrant falls within

scope of warrant). Moreover, the general rule that only items described in a search warrant may be seized is subject to several exceptions; one exception provides that evidentiary items may be seized if they have a "sufficient nexus to the crime being investigated." *Creamer v. Porter*, 754 F.2d 1311, 1318 (5th Cir.1985). This nexus is present when agents have probable cause "to believe that the evidence sought will aid in a particular apprehension or conviction." *Warden v. Hayden*, 387 U.S. 294, 307 (1967). Thus, the government lawfully seized and retained the evidence outlined above because it constituted proof of a suspect's motive, knowledge and intent with respect to the crime of Attempted Forgery as alleged in the affidavit.

## D. Incriminating Evidence Seized From the 2012 Lenovo Laptop Image was Found in Plain View During Execution of the 2012 Search Warrant

As noted above, the FBI intelligence analyst had to examine the content of each file on the Lenovo laptop computer and the flash drive storage device to determine whether the content of each file contained evidence of the Attempted Forgery offense. The FBI intelligence analyst had to examine the content of each file because the file names did not necessarily reflect the content of the files. In examining the content of individual files, the analyst found the materials to which Kareem objects in plain view. The evidence in plain view revealed the computer had been used to view jihadist propaganda and contained issues of the al Qa'ida magazine, *Inspire*. This evidence, viewed in light of Ahmed's and Kareem's ongoing association with Simpson, a man already convicted of a felony for making false statements to the FBI, and with known connections to members of foreign terrorist organizations, made the incriminating nature of the evidence immediately apparent. *See Horton v. California*, 496 U.S. 128, 135-36 (1990) (rejecting the notion that inadvertency is required in the discovery of evidence in plain view and setting forth an objective standard rather than examining the subjective state of mind of the officer);[2] *Roe*

---

[2] Kareem cites *United States v. Rettig*, 589 F.3d 418 (1979), in support of his argument that the 2012 search warrant served as a pretext for a general search of the Lenovo laptop and flash drive storage device images. (CR 100 at 10-11). In adopting an

*v. Sherry*, 91 F.3d 1270, 1272 (9th Cir. 19966); *United States v. Ewain*, 78 F.3d 466, 469-70 (9th Cir.), *opinion amended and superseded*, 88 F.3d 689) (9th Cir. 1996). Therefore, the FBI's[3] retention of the Lenovo laptop image reasonable in order to allow agents to pursue investigation of potential material support charges under 18 U.S.C. § 2339B in addition to the potential Attempted Forgery charge.

## III.    Conclusion

Based on the foregoing, the United States respectfully requests the Court deny Kareem's Motion to Suppress Evidence Unlawfully Obtained.

Respectfully submitted this 5 day of November, 2015.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*/s Joseph E. Koehler*

_____
JOSEPH E. KOEHLER
Assistant U.S. Attorney

---

objective standard, *Horton* effectively overruled *Rettig*. Therefore, the Court should apply an objective standard to evaluate whether evidence found while analyzing the Lenovo laptop image in 2012 meets the plain view standard and was properly retained by the FBI.

[3] Kareem also complains that FBI agents were involved in the investigation. (CR 100 at 4-6, 9-13.) This argument fails to account for the fact that on page 6 of the affidavit, the affiant informed the issuing court that FBI agents would be involved in the search. (CR 100-1 at 12.) In addition, the Ninth Circuit has made clear that agents from other agencies may participate in the execution of search warrants and may find evidence in plain view during that participation. *Ewain*, 88 F.3d at 694-95. Such participation may bear "on the probability that the officers looked in places they would not have looked had they been searching only for the things specified in the warrant." *Id*. at 695. However, if officers merely "looked where they were entitled to look under the terms of the warrant, and where they would have looked for the things described in the warrant, then the privacy of the person whose belongings are searched in those places has already been lost, . . . and another pair of eyes does not add to that loss." *Id*. After *Horton*, "it no longer matters that the invited-along officer was looking for what he found" that "was not described in the warrant." *Id*. The invited officer's expertise in identifying objects in plain view as evidence of a crime "does not establish that the search went beyond the scope of the warrant." *Id*. "What matters is whether the officers looked in places or in ways not permitted by the warrant." *Id*. As previously explained, the intelligence analyst searched the computer in places and in ways that were routine and contemplated by the 2012 search warrant, and the evidence she found was plainly related to potential charges of material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B. Therefore, the participation of FBI agents and analysts in the search of the Lenovo laptop and flash drive storage device images did not exceed the scope of the warrant.

11

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5 day of November, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that true and accurate copies have been transmitted electronically to counsel for the defendant via the ECF system.

Daniel Maynard, Attorney for Defendant

By:  */s Joseph E. Koehler*
  Joseph E. Koehler
  Assistant U.S. Attorney

12