IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-00707-001-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| Abdul Malik Kareem, | |
| Defendant. | |

At issue is Defendant's Motion to Suppress Evidence Unlawfully Obtained ("MTS") (Doc. 100). On November 20, 24, and December 29, 2015, the Court held an evidentiary hearing concerning Defendant's Motion. (Docs. 135, 138, and 163, Minute Entries.)

## I.    BACKRGOUND

Defendant is charged with five criminal counts: knowingly and intentionally conspiring to transport firearms and ammunition in interstate commerce with the intent to commit crimes punishable by imprisonment exceeding one year, in violation of 18 U.S.C. § 924(b) (Count 1); knowingly and intentionally transporting firearms and ammunition in interstate commerce with the intent to commit crimes punishable by imprisonment exceeding one year, in violation of 18 U.S.C. § 924(b) and 2 (Count 2); knowingly and willfully making false, fraudulent, and fictitious material statements and representations regarding the Garland, Texas attack, in violation of 18 U.S.C. § 1001(a)(2) (Count 3); having been convicted of a crime punishable by imprisonment exceeding one year,

knowingly possessing and affecting interstate firearms, in violation of 18 U.S.C. § 922(g)(1) (Count 4); and knowingly and intentionally conspiring to provide "material support or resources" to a foreign terrorist organization, in violation of 18 U.S.C. 2339B(a)(1) (Count 5). (Doc. 158, Second Superseding Indictment at 3-6.)

The following facts, as recited by Defendant, are not disputed. On July 20, 2012, law enforcement officers, including Federal Bureau of Investigation ("FBI") agents, executed a search warrant for Mr. Abubakar Hussein Ahmed's home. Mr. Ahmed lived with Mr. Elton Simpson and Defendant. The search warrant was based on a finding of probable cause that the residence contained evidence of violations of Arizona Revised Statute ("A.R.S.") § 13-2002A.2 (Attempted Forgery). (Doc. 100-1, Ex. 6 at 1, Maricopa County Superior Ct. Jurisdiction Special Warrant). The warrant sought indicia of occupancy and any and all electronic devices and written correspondence relating to Attempted Forgery. (*Id.* at 2.) During execution of the warrant FBI agents also interviewed Defendant, Mr. Ahmed, and Mr. Simpson. (Hr'g Ex. 14, FD 302 07/23/2012 (a FBI form providing a summary of the interviews).) When the agents interviewed Defendant, he identified a Lenovo laptop as his own and stated that Mr. Ahmed sometimes used it. (*Id.*) Law enforcement seized, among other things, five computers and a thumb drive attached to the Lenovo laptop. (*See* Hr'g Ex. 14, FBI Electronic Communication 09/07/2012).

The lead agent on the forgery investigation, Corporal Daniel Herrmann, is also part of a Joint Terrorism Task Force branch of the FBI. He asked his FBI counterparts to review the electronic evidence found. Once the FBI had all the electronic devices, digital images of all the devices were taken. Intelligence Specialist Amy Vaughan and Corporal Herrmann ran searches of the devices to determine if Mr. Ahmed, the subject of the warrant, used the device and if there was evidence of the attempted forgery. There was testimony that the search also included some terms related to terrorism. Special Agent ("SA") John Chiappone stated that they believed Mr. Ahmed wanted to use a forged diploma to further some terrorist scheme. Defendant's computer contained evidence that

Mr. Ahmed had used it. The thumb drive attached to Defendant's computer contained various jihadist articles and videos. In 2013, the Maricopa County Attorney's Office decided not to pursue prosecution against Mr. Ahmed for Forgery. (Doc. 100-1, Ex. 11, ASU Police Department Incident Report Narrative Supplement.) The FBI returned Defendant's laptop in January 2014. At that time, Task Force Officer Jeffrey Nash interviewed Defendant about the terrorism propaganda found on his laptop and the thumb drive. Defendant said the thumb drive was not his and he did not know who it belonged to. The FBI retained a copy of the 2012 image of the Lenovo laptop. Defendant later sold the Lenovo laptop to Mr. Sergio Martinez. On May 28, 2015, the FBI obtained a search warrant authorizing them to search the 2012 image copy of Defendant's Lenovo laptop. Mr. Martinez was in possession of the Lenovo laptop in 2015. The FBI asked to conduct a search of it, and Mr. Martinez consented.

## II.    LEGAL STANDARD AND ANALYSIS

### A.    2015 Consent Search

Defendant argues that the 2015 search of the Lenovo laptop, which was then in Mr. Martinez's possession, was an unlawful search and seizure. (Doc. 128, Reply to MTS ("Reply") at 10-11.) The Government argues that Defendant abandoned the laptop when he sold it to Mr. Martinez and, therefore, Defendant lacks standing to challenge the constitutionality of Mr. Martinez's consent search. (*See* Doc. 117, Resp. to MTS ("Resp.") at 9); *see Abel v. United States*, 362 U.S. 217, 241 (1960). Defendant conceded at the December 29, 2015 continuation of the evidentiary hearing that he lost any privacy interest in the 2015 laptop by selling the laptop to another person. The Court concludes that the 2015 consent search of the Lenovo laptop was not an unlawful search and seizure and any relevant evidence found during that search will not be suppressed.

### B.    2012 Search Warrant

Defendant argues that the 2012 search warrant for Mr. Ahmed's home was a pretext to investigate him and was so broad as to become an unconstitutional general warrant in violation of the Fourth Amendment of the United States Constitution. (MTS at

10-13.) The Government argues that the search and seizure of Defendant's laptop was within the scope of the 2012 warrant. (Resp. at 9-10.)

### 1.    Laptop Computer

Defendant argues that there was no attempt by the Government to limit the scope of the search of Defendant's computer. (Reply at 4-5.) The Court disagrees. The evidence shows that Specialist Vaughan and Corporal Herrmann used keyword searches designed to determine if Mr. Ahmed used the computer, used the computer to pursue a forgery, and to determine who he intended to defraud. SA Chiappone explained that in order to establish the elements of the forgery offense, they had to figure out who Mr. Ahmed intended to defraud, which they believed may have terrorism implications. The FD 302 summarizing the laptop's search results uncovered that Mr. Ahmed used the computer, which corroborated Defendant's interview testimony and was one of the limitations found within the warrant. It appears from the testimony at the hearing that the reason a copy of the laptop image remained on file was because the FBI still has an open file on Mr. Ahmed. The Court concludes that the 2012 seizure and search of Defendant's laptop were lawful.

### 2.    Thumb Drive

In order to challenge a search under the Fourth Amendment, the challenger must have standing. *See United States v. Salvucci*, 448 U.S. 83, 85 (1980). A person has standing when he has a reasonable expectation of privacy in the thing to be searched. *Katz v. United States*, 389 U.S. 347, 351 (1967). When a person disclaims ownership of the thing to be searched, they have abandoned the property. *United States v. Nordling*, 804 F.2d 1466, 1469-70 (9th Cir. 1986) (concluding that denial of ownership objectively demonstrates an intent to abandon property). Abandonment of property removes the expectation of privacy, and therefore precludes the person from challenging the search or seizure of an item. *Id.* Here, Defendant disclaimed ownership of the thumb drive during the 2012 search and again at the 2015 interview. The Court concludes that Defendant lacks standing to challenge the search and seizure of the thumb drive.

### C.    2015 Search Warrant of 2012 Image

Defendant argues that the search of the 2012 image of his computer for information that did not fall within the scope of the 2012 warrant constitutes an improper search and seizure. (MTS 13-14.) Defendant specifically argues that files outside of the warrant in a paper world would have been returned and therefore would not be able to be searched without execution of a new warrant, which the Government was able to bypass by keeping the image of the entire laptop on file. (*Id.*) The Government stated at the hearing that it will not offer as evidence anything found from the 2015 search of the 2012 image in its case-in-chief to attempt to moot Defendant's arguments about this search warrant. The Government mentioned that it may use the 2015 search of the 2012 image as impeachment evidence if necessary. This particular issue was not briefed or argued to the Court and the Court will not rule on the admissibility solely for impeachment purposes of anything found during the 2015 search of the 2012 image.

### III.    CONCLUSION

The Court denies Defendant's Motion to Suppress Evidence Unlawfully Obtained because the Defendant has failed to demonstrate that the 2015 consent search of the laptop or the 2012 seizure and search of his laptop were unconstitutional.  Defendant has also failed to demonstrate that he retained an expectation of privacy in the thumb drive at issue. The Court does not reach to issue of the admissibility of anything found during the 2015 search of the 2012 image of Defendant's laptop offered for impeachment purposes.

**IT IS ORDERED** denying Defendant's Motion to Suppress Evidence Unlawfully Obtained (Doc. 100).

Dated this 12th day of January, 2016.

_____

Susan R. Bolton
United States District Judge