X FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 1 7 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 15-00707-1-PHX-SRB |
| Plaintiff, | |
| vs. | Final Jury Instructions |
| Abdul Malik Abdul Kareem, | |
| Defendant. | |

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

The indictment is not evidence. The defendant has pled not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of each charge beyond a reasonable doubt.

2

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

3

The evidence you are to consider in deciding what the facts are consists of:

    (1)    the sworn testimony of any witness; and

    (2)    the exhibits received in evidence; and

    (3)    any facts to which the parties have agreed.

4

The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

7

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

8

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

9

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

10

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

11

The defendant is charged in Count 1 with Conspiracy to Transport Firearms and Ammunition in Interstate Commerce with the Intent to Commit the felonies of Murder and/or Aggravated Assault. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or before January 7, 2015, and continuing through May 3, 2015, there was an agreement between two or more persons to transport firearms and ammunition from one state to another with the intent to commit the felonies of Murder and/or Aggravated Assault in Texas or with knowledge or reasonable cause to believe that Murder and/or Aggravated Assault would be committed with the firearms and ammunition;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

The overt acts alleged in the Indictment are:

1) On dates beginning before January 7, 2015, and ending on or before May 3, 2015. Kareen, Simpson, Soofi and other persons known and unknown traveled to remote desert areas near Phoenix, Arizona, to practice shooting firearms.

2) On dates between January 7, 2015, and May 3, 2015, Kareem provided firearms to Simpson and Soofi.

3) On dates between February 11, 2015, and May 3, 2015, Kareem hosted Simpson, Soofi, and other persons known and unknown inside his home in Phoenix, Arizona, to discuss attacking the Muhammad Art Exhibit and Contest in Garland, Texas.

4) On dates between May 1, 2015, and May 3, 2015, Simpson and Soofi traveled from Phoenix, Arizona to Garland, Texas, armed with firearms.

12

An overt act is an act that is a substantial step toward the completion of the conspiracy. An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

13

The defendant is charged in Count 5 with Conspiracy to Provide Material Support to the Islamic State of Iraq and the Levant (ISIL), a designated foreign terrorist organization. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at an unknown time but no later than in or about June 2014, and continuing through May 3, 2015, there was an agreement between two or more persons to provide material support or resources to ISIL, a designated foreign terrorist organization;

Second, the defendant became a member of the conspiracy knowing of its unlawful object and intending to help accomplish it;

Third, ISIL was designated a foreign terrorist organization at the time of the conspiracy;

Fourth, the defendant knew that at least one of the following conditions existed:

    a. That ISIL was a designated foreign terrorist organization; or

    b. That ISIL has engaged, or was engaging, in terrorist activity; or

    c. That ISIL has engaged, or was engaging, in terrorism; and

Fifth, the offense occurred in whole, or in part, within the United States.

The term "<u>material support or resources</u>" means any property, tangible or intangible, or any service including currency or monetary instruments, training, facilities, weapons, personnel (1 or more individuals who may be or include oneself), and transportation.

14

The term "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

The term "personnel" means one or more persons, which can include the defendant's own person. No person may be convicted, however, in connection with providing personnel, unless that person has knowingly conspired to provide to a foreign terrorist organization with one or more individuals (who may include the defendant) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of the organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives are not considered to be working under the foreign terrorist organization's direction and control.

You all must agree as to the type of material support or resources the defendant conspired to provide. In other words, the government must prove beyond a reasonable doubt that the defendant conspired to provide one or more of these forms of material support or resources; there is no requirement that the defendant provided all of these forms of material support or resources.

The term "terrorist activity" means any activity which is unlawful under the laws of the place where it is committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any State) and which involves the commission of any of the following, or a threat, attempt, or conspiracy to do any of the following:

15

(a)  The seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained;

(b) An assassination; and

(c) The use of any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

16

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. In order to find the defendant guilty of conspiracy, you must find that there was a plan to commit the crime that was the object of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

17

A defendant may be found guilty of conspiracy even if the defendant personally did not commit the act or acts constituting the crime, but aided and abetted in its commission. To prove a defendant guilty of conspiracy by aiding and abetting, the government must prove each of the following elements beyond a reasonable doubt:

First, the crime of conspiracy was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person in committing the crime of conspiracy;

Third, the defendant acted with the intent to facilitate the conspiracy; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of conspiracy. A defendant acts with intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

18

The defendant is charged in Count 2 with Aiding and Abetting the Interstate Transportation of Firearms and Ammunition with the intent to commit Murder and/or Aggravated Assault in Texas. To prove a defendant guilty of Aiding and Abetting the Interstate Transportation of Firearms and Ammunition with the intent to commit Murder and/or Aggravated Assault the government must prove each of the following elements beyond a reasonable doubt:

First, a person transported firearms and ammunition from one state to another with the intent to commit murder and/or aggravated assault in Texas, or with knowledge or reasonable cause to believe that murder and/or aggravated assault would be committed with the firearms and ammunition;

Second, the defendant aided, counseled, commanded, induced or procured that person to transport firearms and ammunition in interstate commerce with the intent to commit murder and/or aggravated assault;

Third, the defendant acted with the intent to facilitate transporting firearms and ammunition in interstate commerce with the intent to commit murder and/or aggravated assault; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person

19

commit transporting firearms and ammunition in interstate commerce with the intent to commit the felonies of murder or aggravated assault.

A defendant acts with intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

20

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course of and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of Interstate Transportation of Firearms and Ammunition with the intent to commit Murder and/or Aggravated Assault as charged in Count 2 if the government has proved each of the following elements beyond a reasonable doubt:

First, a person involved in the conspiracy charged in Count 1 and/or Count 5 knowingly and intentionally transported firearms and ammunition from one state to another;

Second, that person intended to commit Murder and/or Aggravated Assault, or had knowledge or reasonable cause to believe that Murder and/or Aggravated Assault would be committed with the firearms and ammunition;

Third, that person was a member of the conspiracy charged in Count 1 and/or Count 5;

Fourth, that person transported firearms and ammunition from one state to another with the intent to commit Murder and/or Aggravated Assault in furtherance of the conspiracy;

Fifth, the defendant was a member of the same conspiracy at the time that the offense charged in Count 2 was committed; and

21

Sixth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

22

The defendant is charged in Count 3 with False Statements to the FBI. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about May 5, 2015, the defendant made a false statement to the FBI, with all of you agreeing on the false statement he made;

Second, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Third, the statement was material to the activities or decisions of the FBI; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

The alleged false statements are:

1) that defendant did not go shooting in the desert with Simpson and Soofi before May 3, 2015;

2) that before May 3, 2015, neither Simpson nor Soofi fired the weapons they used in connection with the attack in Garland, Texas;

3) that defendant did not know in advance that Simpson and Soofi planned to conduct an attack in Garland, Texas; and

4) that defendant did not know about the Muhammad Art Exhibit and Contest that was to take place in Garland Texas on May 3, 2015, until after Simpson and Soofi were killed while attempting to conduct an attack on the contest.

23

The defendant is charged in Count 4 with Felon in Possession of Firearms. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about June 10, 2015, the defendant knowingly possessed a Taurus model 85 Ultralite .38 caliber revolver and/or a Tanfoglio model Witness 9mm pistol, with all of you agreeing on the particular firearm he possessed;

Second, the Taurus model 85 Ultralite .38 caliber revolver and the Tanfoglio model Witness 9 mm pistol had been shipped or transported from one state to another state; and

Third, at the time the defendant possessed the Taurus model 85 Ultralite .38 caliber revolver and/ or the Tanfoglio model Witness 9 mm pistol, the defendant had been convicted of Aggravated Driving While Under the Influence in the State of Arizona, a felony.

24

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

25

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful except with respect to the crime of False Statements to the FBI as charged in Count 3. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

26

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

27

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who

28

violates these restrictions jeopardizes the fairness of these proceedings  If any juror is exposed to any outside information, please notify the court immediately.

29

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

30

Verdict forms have been prepared for you. After you have reached unanimous agreement on the verdicts, your presiding juror should complete the verdict forms according to your deliberations, sign and date them, and advise the law clerk that you are ready to return to the courtroom.

31

If it becomes necessary during your deliberations to communicate with me, you may send a note through the law clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

32